**Allan W. FULK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 17A03–9705–CR–154.

Court of Appeals of Indiana.

Oct. 20, 1997.

C.C. Rhetts Jr., Auburn, for Appellant–Defendant.

Jeffrey A. Modisett, Jon B. Laramore, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Allan W. Fulk appeals his convictions for battery, a Class A misdemeanor; invasion of privacy, a Class B misdemeanor; resisting law enforcement, a Class A misdemeanor; disorderly conduct, a Class B misdemeanor; resisting law enforcement inflicting bodily injury, a Class D felony; and two counts of criminal mischief, as Class A misdemeanors. The facts relevant to the appeal are set forth below.

On January 8, 1996, Fulk went to Julie Simmons' apartment to confront her about a box of motorcycle parts that were missing from Fulk's residence. Upon reaching Simmons' apartment, Fulk cut the telephone lines, knocked on the door, and when Simmons refused to answer, proceeded to break the windows of Simmons' car and the car of Simmons' boyfriend. Hearing the noise, Simmons exited her apartment to confront Fulk. At that time, Fulk grabbed Simmons by the hair and began to hit and kick her. Fulk then threw Simmons to the ground and choked her.

When police officers arrived at the scene, they observed Fulk on top of Simmons choking her with both his hands. When the officers ordered Fulk to release Simmons, Fulk ignored the order. Fulk also physically resisted the officers' attempts to arrest him. Later, at the jail, when officer Brian Humbarger attempted to institute suicide precautions for Fulk, Fulk elbowed the officer in the face, breaking his glasses, and grabbed the officer's hand and pulled back the officer's thumb nail.

On January 9, 1996, Fulk was charged with battery, aggravated battery, invasion of privacy, two counts of resisting law enforcement, two counts of criminal mischief, disorderly conduct, and attempted murder. A jury trial was held, and thereafter, Fulk was found guilty of battery, invasion of privacy,

two counts of resisting law enforcement, two counts of criminal mischief, and disorderly conduct. After his sentencing hearing, Fulk was sentenced as follows: battery resulting in bodily injury, one year executed; invasion of privacy, 180 days executed; resisting law enforcement, one year suspended; disorderly conduct, 180 days suspended; resisting law enforcement, three years executed; criminal mischief, one year executed; and criminal mischief, one year executed. All of the sentences and the probationary periods were ordered served consecutively. Fulk's executed sentence totaled six years and 180 days; his probationary period totaled one year and 180 days. Fulk appeals the trial court's decision.

On appeal, Fulk raises one issue: whether the prohibition against double jeopardy was violated when the trial court imposed maximum, consecutive sentences for the battery and invasion of privacy counts.

The gravamen of Fulk's argument is that the imposition of maximum, consecutive sentences for both battery and invasion of privacy was a violation of his constitutional protection against double jeopardy. According to Fulk, because the offenses were, for double jeopardy purposes, part of the same continuing transaction, they were not appropriate subjects for consecutive sentences.

■ In *Games v. State*, 684 N.E.2d 466 (Ind.1997), our supreme court recently held that the court's "previous interpretation of the federal Double Jeopardy Clause—which looked beyond the statutory elements, adding the requirement that a reviewing court look to the offenses as charged or to the jury instructions outlining the elements of the crimes—does not comport with federal jurisprudence." *Games*, 684 N.E.2d at 474. Instead, when faced with a double jeopardy issue, the proper test to be applied is the two-part inquiry announced in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). First, we determine whether or not the legislature intended to impose separate punishments for multiple offenses arising in the course of a single act or transaction. *Games*, at 474. "Where legislative intent is clear that multiple punishment is intended, double jeopardy is not violated

and further inquiry into the statutory elements is not appropriate." *Id.* at 474. "It is only when legislative intent to impose multiple punishments is uncertain that further inquiry is required." *Id.* at 475.

■ When the legislative intent is uncertain, however, a comparison of the statutory elements at issue is required. " 'The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.' " *Id.* (*citing, Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309 (1932)). The factual elements in the charging information and jury instructions are no longer a part of this inquiry. *Games,* 684 N.E.2d at 473–74.

■ IND.CODE § 35–42–2–1 (1993 Ed.) defines battery as follows:

> A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is: (1) a Class A misdemeanor if it results in bodily injury to any other person, or if it is committed against a law enforcement officer or against a person summoned and directed by the officer while the officer is engaged in the execution of his official duty[.]

IND.CODE § 35–46–1–15.1 (second version) (1993 Ed.) defines invasion of privacy as follows: "A person who knowingly or intentionally violates: (1) a protective order issued under IC 34–4–5.1 requiring the respondent to refrain from abusing, harassing, or disturbing the peace of the petitioner; ... commits invasion of privacy, a Class B misdemeanor." A review of the elements of battery and invasion of privacy clearly demonstrates that each crime contains an element that the other does not. Thus, for double jeopardy purposes, battery is not the same offense as invasion of privacy. Therefore, there was no constitutional barrier to sentencing Fulk for each of the offenses. *See Bish v. State,* 421 N.E.2d 608, 615 (Ind. 1981) (because for double jeopardy purposes confinement, rape, robbery, and unlawful de-

viate conduct are separate offenses, there was no constitutional barrier to sentencing appellants for each of the offenses).

▉ Furthermore, the imposition of consecutive sentences is not a second enhancement of the penalties to be served for each offense; such a decision affects only the arrangements and times for serving those sentences. *See id.* (consecutive sentences did not punish defendants twice for same offense and, hence, did not subject them to double jeopardy). While it may be true that the net result of ordering sentences to run consecutively may be an increase in the total period of incarceration, that increase will have occurred because the sentences were served one after the other, not because the defendant was punished twice for the same offense. *Id.* at 615–16. The trial court's imposition of consecutive sentences did not violate proscriptions against double jeopardy.

In the instant case, the trial court enhanced the sentences because Fulk has had twenty prior convictions which included eight battery convictions and five resisting law enforcement convictions. It also found that Fulk was in need of correctional treatment that would best be served by commitment to a penal facility. The only mitigating factor the trial court was able to find was Fulk's restitution to the victim.

▉ The legislature has granted a trial court the discretion to determine whether sentences are to be served consecutively or concurrently. *Anderson v. State,* 452 N.E.2d 173, 178 (Ind.Ct.App.1983). A trial court may, upon consideration of relevant facts and information, increase the basic sentences, impose consecutive sentences, or both. *Id.* Unquestionably, Fulk's criminal history and the particular facts of this case warrant an enhancement of his sentences. Therefore, we cannot find that the trial court's enhancement of the sentences and imposition of consecutive sentences constituted an abuse of discretion.

Judgment affirmed.

STATON and RILEY, JJ., concur.